IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00128-WJM-NYW

CODY WILLIAM COX,

    Plaintiff,

v.

DON WILSON,

    Defendant.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

This civil action is before the court on Defendant's Motion for Psychiatric Examination Pursuant to Fed. R. Civ. P. 35 ("Motion for IME") [#56, filed on November 24, 2015]. Defendant's Motion for IME was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated January 27, 2015 [#70], the Reassignment dated February 10, 2015 [#10], and the memorandum dated November 30, 2015 [#57]. The court has reviewed the briefing by the Parties [#56, #59, #63], and heard argument with respect to the issue during the informal discovery conference on November 17, 2015 [#53]. Having considered the applicable case law, this court respectfully DENIES the Motion for IME for the following reasons.

**BACKGROUND**

In this action, Plaintiff Cody William Cox ("Plaintiff or "Mr. Cox") asserts a single claim for a violation of his rights under the Fourth Amendment pursuant to 42 U.S.C. § 1983, arising

out of an officer-involved shooting that occurred on or about January 14, 2014. [#1]. Mr. Cox contends that Defendant Don Wilson ("Defendant" or "Officer Wilson") used excessive force and violated his right to be free of unreasonable seizure when Officer Wilson shot him during a traffic stop, which Defendant contends was precipitated by multiple reports of Plaintiff's erratic driving and behavior. [*Id.*; #18 at 1-4]. Plaintiff avers that he is entitled to payment of his past and future medical costs, as well as general damages for "pain and suffering, emotional distress … and loss and [sic] the quality of life." [#18 at 4]. In support of his claim for future damages, Plaintiff has propounded an "Assessment of Future Care Needs," ("Assessment") [#56-2], which includes a discussion of Plaintiff's past care needs, the records upon which they are based, and then a prediction of his future care needs. [*Id.*]

Defendant argues that because there are various entries reflecting Mr. Cox's alleged non-compliance with treatment, he should be permitted to conduct an independent medical examination of Plaintiff pursuant to Rule 35 of the Federal of Civil Procedure. [#56]. Defendant further contends that Plaintiff's mental state is relevant to whether there are other causes for his medical needs arising after the shooting, such as his failure to comply with medical advice, leading to the need for additional care. [*Id.*] In the context of this dispute, Plaintiff's counsel provided Defendant with a stipulation that indicates that Mr. Cox will not assert that he has any type of anoxic, or other organic, brain injury. [#56-1]. Plaintiff argues that Defendant's damages defense does not properly put his psychological or psychiatric state at issue, and his claim for mental injury is limited to a general claim of emotional distress, which also does not require an IME. [#59 at 5-6]. In Reply, Defendant insists that an IME is proper because the

issue of Mr. Cox's mental state goes to whether Defendant, or Mr. Cox, is liable for the injuries he claims.

## ANALYSIS

Rule 35 of the Federal Rules of Civil Procedure provides that a court may order an independent medical examination of a party where the party's mental or physical condition "is in controversy." Fed. R. Civ. P. 35. Rule 35 requires an affirmative showing by the moving party that each condition as to which the examination is sought is really and genuinely in controversy and good cause exists for ordering each particular examination. *See Schlangenhauf v. Holder*, 379 U.S. 104, 118 (1964). "Good cause" indicates that the showing is more than mere relevance, and is not merely a formality. *Id.* Rather, the court weighs the need for information against the individual's right to privacy. *Id.* The decision to grant or deny a Rule 35 examination is committed to the sound discretion of the court. *See Simpson v. University of Colorado*, 220 F.R.D. 354, 362 (D. Colo. 2004). Because the "in controversy" and the "good cause" requirements often implicate the same factors, the court may consider both issues together. *Id.*

In this case, contrary to Defendant's assertions, Plaintiff has not put his mental state in controversy. The Assessment of Future Care Needs focuses upon the physical, rather than any psychological, demands arising from Mr. Cox's spinal cord injury. [#56-2]. The Assessment does not contain any entry for psychological therapy or care, and attributes a minimal amount to anti-depressants while also noting Mr. Cox's history of anxiety and depression. [*Id.* at 9, 45, 47]. Neither Plaintiff nor his life care expert is claiming that any mental or psychological condition is causing any failure to comply with his medical treatment on his part. [#56-2]. Indeed, he has

specifically disclaimed that he will assert that any anoxic, or other organic, brain injury causes any type of failure to comply.  [#56-1].

Nor does Mr. Cox's general claim for emotional distress, without more, justify an IME of his psychological condition.  Courts in this District have consistently held that a plaintiff's filing of a lawsuit claiming emotional distress, without more, does not put an individual's mental state "at issue."  *See Truong v. Smith*, 183 F.R.D. 273, 275 (D. Colo. 1998); *LeFave v. Symbios, Inc.*, Civil Action No. 99-Z-1217, 2000 WL 1644154, at *5 (D. Colo. April 14, 2000).  Mr. Cox has not asserted a separate cause of action for intentional or negligent infliction of emotional distress; he has not alleged a specific mental or psychiatric injury or disorder in his Complaint or in the Assessment; he has not claimed unusually severe emotional distress; the record does not demonstrate that he has offered any expert testimony of his psychological state; and he has not conceded his mental condition is "in controversy" as required by Rule 35.  [#1, #56-2].  *See LeFave*, 2000 WL 1644154 at *5; *Estate of Rossiter*, 2009 WL 1873612, at *1.  In addition, this court is not persuaded by Defendant's argument that Mr. Cox's mental state, particularly his current mental state regarding compliance with his medical treatment, is relevant to liability.  The § 1983 claim asserted by Plaintiff is that Defendant violated his Fourth Amendment rights against unlawful seizure and excessive force; respectfully, it is unclear how Mr. Cox's current (or even past) psychological state is relevant to whether Officer Cox violated his constitutional rights in January 2014.  *See Johnson v. Peay*, No. 14-cv-147-TC-BCW, 2015 WL 7112942, at *4 (D. Utah Nov. 13, 2015) (denying IME in § 1983 case where defendant officer shot plaintiff after a vehicular pursuit, finding that "Plaintiff's state of mind or mental status … at the time of the shooting is likely irrelevant or very minimally relevant."); *Estate of Rossiter*, 2009 WL 1873612

at *1 (denying IME in § 1983 claim in which Defendant shot decedent and the Estate of the decedent claimed that Defendant had "anger issues"). Instead, it appears that Defendant wishes to put Mr. Cox's mental state at issue; but "good cause" cannot be established where another party seeks to place the plaintiff's condition at issue, rather than where plaintiff himself places a condition at issue. *See Estate of Rossiter,* 2009 WL 1873612, at * 2 (citing *Schlangenhauf,* 379 U.S. at 119-20).

This court further finds that good cause is not stated because the information that Defendant seeks, *i.e.*, that the extent of Mr. Cox's injuries and requirements for future medical care are based, at least in part, on his non-compliance with medical advice, may be sought from other, less invasive sources. Defendant may use the medical records that reflect non-compliance to argue that Plaintiff failed to mitigate his damages. In addition, Defendant could have sought testimony regarding Mr. Cox's alleged non-compliance from his treating physicians, Mr. Cox's mother, or Mr. Cox himself. Defendant is also free to cross-examine Mr. Taylor, the expert who propounded the Assessment, about whether he accounted for Mr. Cox's alleged non-compliance in drawing his conclusions.

Therefore, based on the record before me, this court concludes that Defendant has failed to both carry his burden of establishing that Plaintiff has placed his mental condition at issue and that good cause requires an independent medical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure.

Accordingly, **IT IS ORDERED** that:

(1) Defendant's Motion for Psychiatric Examination Pursuant to Fed. R. Civ. P. 35 [#56] is **DENIED**.

DATED:  December 16, 2015                        BY THE COURT:

                                                            s/ Nina Y. Wang
                                                            United States Magistrate Judge