## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00128-WJM-NYW

CODY WILLIAM COX,

      Plaintiff,

v.

DON WILSON,

      Defendant.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

      This civil action is before the court on Defendant's Motion for Contempt [#60, filed December 11, 2015] and Defendant's Motion for Extension [#61, filed December 11, 2015], which seeks additional time to propound Defendant's rebuttal expert reports, which were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated the Order of Reference dated January 27, 2015 [#7], the Reassignment dated February 10, 2015 [#10], and the memoranda dated December 14, 2015 [#64, #65]. The Motion for Contempt is unopposed by Plaintiff Cody William Cox ("Plaintiff" or "Mr. Cox"). Having reviewed the Motion for Contempt and its attached exhibits, and having received no response from Swedish Medical Center, the recipient of the subpoena at issue, this court DENIES IN PART and GRANTS IN PART Defendant's Motion for Contempt and Defendant's Motion for Extension.

# BACKGROUND

This action arises from an officer-involved shooting involving Defendant Don Wilson ("Defendant" or "Officer Wilson") that injured Plaintiff.  As discussed in a prior order of the court, Plaintiff has been hospitalized since his injury and claims the cost of long-term care as part of his damages.  [#67].  Mr. Cox is currently hospitalized at Swedish Medical Center, and on or about November 10, 2015, Officer Wilson subpoenaed Swedish Medical Center for Plaintiff's medical records.  [#60-1].  According to defense counsel, no documents relating to Mr. Cox' latest hospitalization which began on November 11, 2014. [#60 at ¶¶ 7-9].  Defendant also seeks an additional 45 days, after receiving the Swedish Medical Center documents, to propound a rebuttal damages expert report.[1]  [#61].

Plaintiff opposes the extension of time for Defendant to propound his rebuttal expert report, arguing that Defendant has had access to a significant amount of medical information from Plaintiff, Defendant fails to establish why the Swedish Medical Center records from Mr. Cox's November 11, 2014 hospitalization should delay his ability to designate and provide a rebuttal damages report, and to the extent that Defendant cannot simply propound a report and supplement as necessary, he has not been diligent in seeking the medical records from Swedish Medical Center.  [#66, filed December 16, 2015].  Plaintiff further contends that the Swedish Medical Records at issue were produced on December 15, 2015.  [*Id*. at 1 n.1].  Defendant, however, has not withdrawn his Motion for Contempt nor has he alerted the court of the status of the Swedish Medical Center documents.

---

[1] Defendant also identified a potential Independent Medical Examination ("IME") of Plaintiff as a basis for the requested extension, but this court denied Defendant's Motion for an IME by Order dated December 16, 2015.  [#67].

## ANALYSIS

Non-parties, like Swedish Medical Center, are subject to subpoenas under Rule 45 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 45.  In this case, a subpoena issued from the District of Colorado, as the district in which the production or inspection was to be made.  [#60-1].  While Rule 45(e) provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued," a finding of contempt requires the Court to "find the party violated a specific and definite court order and the party had notice of the order." *Lucre Management Group, LLC v. Schempp Real Estate, LLC*, 365 F.3d 874, 875 (10th Cir.2004) (citation omitted).

In this case, there was no prior order compelling Swedish Medical Center to produce the documents associated with Mr. Cox's hospitalization beginning on November 11, 2014.  There is also no indication that Defendant served a copy of the Motion for Contempt on Swedish Medical Center. [#60].  Therefore, holding Swedish Medical Center in contempt of court is simply not appropriate (nor within this Magistrate Judge's independent authority), and this court **DENIES** Defendant's request for entry of contempt.  *See T&H Landscaping, LLC. v. Colorado Structures, Inc.*, No. 06C-cv-00891-REB-MEH, 2007 WL 485229, at *1 (D. Colo. Feb. 12, 2007) (noting that Plaintiffs' first motions for contempt were denied for failure to serve the motions on the respective non-parties).  To the extent that Defendant's Motion for Contempt is construed as a Motion to Compel Swedish Medical Center to produce documents, and Swedish Medical Center has not produced such documents on December 15, 2015, this court **GRANTS** such Motion and **ORDERS** Swedish Medical Center to object to and/or comply with November 11, 2015 *subpoena duces tecum* served on its registered agent, no later than **January 4, 2016**.

3

Defense counsel must also serve a copy of this Order upon Swedish Medical Center's registered agent no later than **December 24, 2015,** unless the subpoenaed documents have already been produced. **Swedish Medical Center is specifically warned that a failure to comply with this Order and the subpoena may result in the possible imposition of sanctions, including a certification of facts to the Honorable William J. Martinez pursuant to 28 U.S.C. § 636(e)(6) that Swedish Medical Center should be held in contempt of court.**

In addition, the court is persuaded that Defendant has adequate information, even without full review of the records from Mr. Cox's latest hospitalization at Swedish Medical Center, to propound his rebuttal damages expert report. Plaintiff propounded his opening damages report on October 15, 2015, as provided by the Scheduling Order in this case. [#66 at 1]. This court extended Defendant's deadline to designate a damages expert and propound a report from November 13, 2015, until December 14, 2015 and provided that Defendant would "supplement his disclosure," if necessary. [#48]. Discovery closes in this case on January 19, 2016, and any dispositive motions are due no later than February 22, 2016. [*Id.*]

A further 45-day extension of Defendant's deadline to propound his rebuttal damages report would necessarily jeopardize the remaining deadlines in this case, without an adequate explanation by Defendant as to why the court's order that specifically contemplated supplementation, if necessary, was untenable. Nor has Defendant provided adequate justification as to why his identified damages expert would need 45 days after the production of the Swedish Medical Center documents to complete a rebuttal damages expert report, particularly given his access to other information. Nor has Defendant explained why he waited until the eleventh hour on December 11, 2015, to file for an extension when his rebuttal damages expert report was due

on December 14, 2015 – essentially unilaterally securing an extension of time through his timing.

Accordingly,  **IT IS ORDERED** that:

(1)    Defendant's Motion for Contempt [#60] is **DENIED IN PART**, insofar as it seeks contempt, and **GRANTED IN PART,** insofar as it is construed as a Motion to Compel;

(2)    To the extent that Swedish Medical Center has not produced records associated with Plaintiff's hospitalization commencing on November 11, 2014, Swedish Medical Center is **COMPELLED** to do so no later than **January 4, 2016**;

(3)    Counsel for Defendant will serve a copy of this Order on Swedish Medical Center no later than **December 24, 2015**, unless the subpoenaed documents have already been produced;

(5)    Defendant's Motion for Extension [#61] is **DENIED IN PART** and **GRANTED IN PART**;

(6)    The deadline for designation of Defendant's rebuttal damages expert and propounding a report compliant with Rule 26(a)(2)(B) is **January 8, 2016**;

(7)    The deadline for overall discovery remains set for **January 19, 2016**;

(8)    The deadline for dispositive motions remains set for **February 22, 2016**; and

(9)    A Final Pretrial Conference is set for **April 22, 2016 at 10:00 a.m**. before the undersigned Magistrate Judge.   A proposed Final Pretrial Order is due no later than seven (7) days prior to the Final Pretrial Conference, and in addition to being filed, must be submitted in Word format to Wang_Chambers@cod.uscourts.gov.   Counsel and Parties are reminded that

anyone seeking access to the Byron G. Rogers United States Courthouse must present valid identification.   D.C.COLO.LCivR 83.2(b).


DATED:  December 23, 2015                    BY THE COURT:

                                             s/ Nina Y. Wang
                                             United States Magistrate Judge