## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00128-WJM-NYW

CODY WILLIAM COX,

    Plaintiff,

v.

DON WILSON,

    Defendant.

---

### ORDER GRANTING STIPULATED MOTION FOR RULE 35 EXAMINATION

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendant's Stipulated Motion for Fed. R. Civ. P. 35 Examination (the "Motion"). [#81, filed January 18, 2016]. The Motion was referred to the court pursuant to the Order Referring Case dated January 27, 2015 [#7] and the memorandum dated January 19, 2016 [#82].

### BACKGROUND

In this action, Plaintiff Cody William Cox ("Plaintiff or "Mr. Cox") asserts a single claim for a violation of his rights under the Fourth Amendment pursuant to 42 U.S.C. § 1983, arising out of an officer-involved shooting that occurred on or about January 14, 2014, and from which Plaintiff suffered a spinal cord injury resulting in partial quadriplegia. [#1; #81]. Mr. Cox contends that Defendant Don Wilson ("Defendant" or "Officer Wilson") used excessive force and violated his right to be free of unreasonable seizure when Officer Wilson shot him during a

traffic stop, which Defendant contends was precipitated by multiple reports of Plaintiff's erratic driving and behavior. [*Id.*; #18 at 1-4]. Plaintiff avers that he is entitled to payment of his past and future medical costs, as well as general damages for "pain and suffering, emotional distress … and loss and [sic] the quality of life." [#18 at 4]. In support of his claim for future damages, Plaintiff has propounded an "Assessment of Future Care Needs," ("Assessment") [#56-2], which includes a discussion of Plaintiff's past care needs, the records upon which they are based, and then a prediction of his future care needs. [*Id.*]

## ANALYSIS

Rule 35 of the Federal Rules of Civil Procedure provides that a court may order an independent medical examination of a party where the party's mental or physical condition "is in controversy." Fed. R. Civ. P. 35. Rule 35 requires an affirmative showing by the moving party that each condition as to which the examination is sought is really and genuinely in controversy and good cause exists for ordering each particular examination. *See Schlangenhauf v. Holder*, 379 U.S. 104, 118 (1964). "Good cause" indicates that the showing is more than mere relevance, and is not merely a formality. *Id.* Rather, the court weighs the need for information against the individual's right to privacy. *Id.* The decision to grant or deny a Rule 35 examination is committed to the sound discretion of the court. *See Simpson v. University of Colorado*, 220 F.R.D. 354, 362 (D. Colo. 2004). Because the "in controversy" and the "good cause" requirements often implicate the same factors, the court may consider both issues together. *Id*

Defendant originally requested leave to conduct a physiatry independent medical examination in a motion that jointly asked for leave to supplement his rebuttal expert damages disclosures. *See* [#73]. This court instructed Defendant to file a separate motion, which is the

subject of this Order. Defendant now requests, pursuant to Fed. R. Civ. P. 35, that the court order Plaintiff to attend an independent medical examination "within the specialty of physical medicine and rehabilitation," by Dr. Bart Goldman. [#81 at ¶ 2]. The examination will include "complaints, past medical history, physical examination, medications review, review of systems, functional capacity, rehabilitation, compliance or lack thereof, prognosis, causation, and apportionment." [*Id.* at ¶ 4]. Defendant asserts that good cause exists for the examination because "Plaintiff claims all medical care and expense since the gunshot wound"; he has "received multi-disciplinary attention since the event, including, but not limited to, physical medicine, rehabilitation medicine, and psychiatry"; and he has disclosed fourteen damages experts, including a physiatrist, "to opine in accordance with their records." [*Id.* at ¶ 3].

The court finds that Plaintiff has placed his physical medical condition in controversy in this action and that good cause exists for the order directing an independent medical examination. Accordingly, the court grants Defendant's Motion and specifies the following regarding the examination: Plaintiff is ordered to attend a physiatry independent medical examination on March 7, 2016 at 1:00 pm, at Swedish Medical Center, 501 East Hampden Ave, Englewood, Colorado, 80113, to include complaints, past medical history, physical examination, medications review, review of systems, functional capacity, rehabilitation, compliance or lack thereof, prognosis, causation, and apportionment. Bart Goldman, M.D. will perform the examination, which will last two hours and may include additional time for Dr. Goldman to review medical records, as necessary. Dr. Goldman will also be permitted to speak with Swedish medical staff regarding Plaintiff's current conditions and medical circumstances pertinent to the examination. To the extent the location should change based on Plaintiff's release from Swedish

Medical Center, *see* [#81 at 2 n.1], the Parties shall notify the court accordingly by filing a joint notice with the updated location of the examination.

Accordingly, IT IS ORDERED that the Stipulated Motion for Fed. R. Civ. P. 35 Examination [#81] is **GRANTED**.

DATED: January 20, 2016                                BY THE COURT:

                                                                       s/Nina Y. Wang_____
                                                                       United States Magistrate Judge