**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0128-WJM-NYW

CODY WILLIAM COX,

      Plaintiff,

v.

DON WILSON, in his individual capacity

      Defendant.

---

## ORDER ON PLAINTIFF'S MOTION *IN LIMINE*

---

This case arises out of a police use-of-force incident between Plaintiff Cody William Cox ("Plaintiff") and Defendant Don Wilson ("Defendant") that occurred on January 31, 2014.  (ECF No. 1 at 1.)  As a result of this incident, Plaintiff brings suit against Defendant under 42 U.S.C. § 1983.  (*Id*. at 3.)  This matter is set for a jury trial commencing on Tuesday, December 6, 2016, with the Final Trial Preparation Conference set for November 18, 2016.  (ECF No. 120.)  This matter is before the Court on the Plaintiff's Motion *in Limine* ("Motion").  (ECF No. 126.)  For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

## I.  ANALYSIS

Plaintiff's Motion seeks evidentiary rulings on the admissibility of the following evidence prior to trial: (1) Plaintiff's prior felony and misdemeanor convictions, as well as any charges not resulting in conviction; (2) Plaintiff's driving behavior prior to Defendant's contact with Plaintiff; and (3) amounts paid by Medicaid to Plaintiff's

medical providers.

**A.     Plaintiff's Prior Convictions and Charges**

1.     Prior Felony Convictions

In 2003, Plaintiff was convicted of felony first-degree trespass and driving under

the influence of alcohol under Colorado Revised Statutes §§ 18-4-502 and 42-4-1301.

(ECF No. 126 at 5.)  Plaintiff was also convicted of felony first-degree trespass in 2004

under Colorado Revised Statute § 18-4-502.  (*Id*.)  Plaintiff moves to exclude evidence

of his prior felony convictions under Federal Rule of Evidence 609(b).  (*Id*. at 5-6.)

Rule 609 governs when and how a witness's prior convictions may be used to

impeach a witness's character for truthfulness at trial:

> (a) In General.  The following rules apply to attacking a
> witness's character for truthfulness by evidence of a criminal
> conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was
> punishable by death or by imprisonment for more than one
> year, the evidence:
>
> > (A) must be admitted, subject to Rule 403, in a civil
> > case or in a criminal case in which the witness is not a
> > defendant; and
> >
> > (B) must be admitted in a criminal case in which the
> > witness is a defendant, if the probative value of the
> > evidence outweighs its prejudicial effect to that
> > defendant; and
> >
> > (2) for any crime regardless of the punishment, the
> > evidence must be admitted if the court can readily
> > determine that establishing the elements of the crime
> > required proving—or the witness's admitting—a
> > dishonest act or false statement.
>
> (b) Limit on Using the Evidence After 10 Years. This
> subdivision (b) applies if more than 10 years have passed

2

since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Because the standard is vastly different, the Court must first determine whether Rule 609(a) or (b) applies here.  Plaintiff contends that the convictions meeting the requirements of Rule 609(a)(1)(A) are all more than 10 years old, and are therefore subject to the requirements of Rule 609(b).  (ECF No. 126 at 5.)  It is anticipated that Plaintiff will testify on December 8, 2016, which is more than ten years after his convictions for all three felonies.  (ECF No. 128.)  Thus, the Court finds that Rule 609(b) applies.

With respect to a conviction more than ten years old, the general rule is one of inadmissibility.  *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (Rule 609(b) balancing test creates "predisposition toward exclusion")*;  United States v. Rodriguez-Garcia,* 983 F.2d 1563, 1571 (10th Cir. 1993);  *United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979) (citing Fed. R. Evid. 609(b) advisory committee's note ("It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.")).  To overcome this presumption and admit such evidence Rule 609(b) requires that the conviction be "substantially" more probative than prejudicial.  Thus, the Court must determine whether the probative value of Plaintiff's prior convictions substantially outweighs the prejudicial effect of their admission.  Fed.

3

R. Evid. 609(b)(1).

The Court starts the balancing with the premise that there can be no doubt that admission of evidence of a prior felony conviction is inherently and significantly prejudicial.  With this in mind, the Court notes that this is a constitutional excessive force claim against Defendant, which is completely unrelated to Plaintiff's prior felony convictions for driving under the influence and trespass.  Defendant's response fails to (1) establish that Plaintiff's prior felony convictions have probative value, and (2) show that such value, if any, substantially outweighs the seriously prejudicial effect of the evidence.  Fed. R. Evid. 609(b).  In fact, Defendant, who bears the burden of showing admissibility, fails to provide any argument against inadmissibility of this evidence under Rule 609(b).  (*See generally* ECF No. 136.)  Since Defendant has not carried his burden of showing why such evidence should be admitted, the Court will exclude it.

        2.      <u>Prior Misdemeanor Convictions and Charges</u>

In 2004, Plaintiff was convicted of misdemeanor third-degree assault and resisting arrest under Colorado Revised Statutes §§ 18-3-204 and 18-18-103.  (ECF No. 126 at 5.)  In 2009, Plaintiff was convicted of misdemeanor second-degree trespass and obstructing a police officer under Colorado Revised Statutes §§ 18-4-503 and 18-8-104.  (*Id.*)

Plaintiff argues that his prior misdemeanor convictions and any charges that did not result in conviction are not admissible under Rule 404(b)(1).  (*Id.* at 6.)  Specifically, he argues that the only relevance of these convictions and charges would be to show that he acted in conformity with this character on the date of the incident.  (*Id.*)  Defendant argues that under Rule 404(b)(2) "other acts evidence, such as Cox's pre-

4

incident interaction with law enforcement" can be admissible if offered to prove intent, lack of accident, or motive.  (ECF No. 136 at 3-4.)

Pursuant to Federal Rule of Evidence 404(b)(1), the admission of evidence of a crime or "bad act" to prove a person's character "in order to show that on a particular occasion the person acted in accordance with the character" is precluded from the jury's purview.  Fed. R. Evid. 404(b).  Such evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Furthermore, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ."  Fed. R. Evid. 403.

Defendant carries the burden of "showing how the proffered evidence of other crimes or acts is relevant to one or more issues in the case; specifically, (1) [Defendant] must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence, and (2) there must be a clear and logical connection between the alleged other acts and the case being tried."  *United States v. Cook*, 745 F.2d 1311, 1317 (10th Cir. 1984); *see also United States v. Biswell*, 700 F.2d 1310, 1318 (10th Cir. 1983) (excluding the government's other acts evidence, stating that "we are not dealing with proof clearly establishing an identified, reasonably recent offense . . . the evidence was of the most damning sort–referring to 'ongoing investigations,' and persons 'involved in criminal activity'").

The Court finds that Plaintiff's prior misdemeanor convictions and charges fit squarely within the general exclusion of Federal Rule of Evidence 404(b)(1).  Plaintiff's "prior interactions with law enforcement" are of marginal (if any) relevance to issues

5

pertaining to the Fourth Amendment claim.  (ECF No. 136 at 3.)  Whether Plaintiff has a history of "prior interactions with law enforcement" has no real bearing on whether the Defendant's use-of-force was objectively reasonable.  (*Id*.)  Moreover, although Defendant points to permissible purposes under 404(b)(2) (motive, intent, lack of accident), Defendant falls short of clearly identifying evidence of "bad acts" to which he can prove a logical connection to the case being tried.  *See Cook*, 745 F.2d at 1317*.* Defendant's reference to Plaintiff's "prior interactions with law enforcement" lacks specificity, and for this reason the Court finds that Defendant has not satisfied his burden under Rule 404(b)(2).  (ECF No. 136 at 3.)[1]  Thus, the Court finds that evidence of Plaintiff's "prior interactions with law enforcement" inadmissible under Rule 404(b)(1). (*Id*.)

Given all of the above, the Court orders that (1) under Federal Rule of Evidence 609(b), evidence of Plaintiff's 2003 and 2004 felony convictions are inadmissible at trial; and (2) under Federal Rule of Evidence 404(b), evidence of Plaintiff's 2004 and 2008 misdemeanors as well as evidence of prior charges not resulting in conviction are inadmissible at trial.

## B.    Plaintiff's Driving Behavior

This case arises out of an officer-involved shooting between Plaintiff and Defendant on January 31, 2014.  (ECF No. 119 at 1.)  The shooting occurred in the westbound lanes of Interstate 70 near mile marker 229.  (*Id*.)  Plaintiff's Motion seeks to

---

[1] With respect to the "three outstanding warrants for Cox's arrest," the Court cannot make a ruling at this time as the record on this point is very undeveloped and Plaintiff failed to address this point in his Motion. (ECF No. 136 at 4.)  The Parties are DIRECTED to be prepared to address this issue at the Final Trial Preparation Conference tomorrow.

preclude any evidence of Plaintiff's driving prior to Defendant's initial contact with Plaintiff.  (ECF No. 126 at 3.)  Plaintiff's motion does not address evidence based on Defendant's personal knowledge or facts of which Defendant was aware.  For the reasons stated below, evidence of Plaintiff's driving behavior of which Defendant was aware prior to making contact with Plaintiff is admissible; however, evidence of Plaintiff's driving that Defendant was unaware of prior to making contact with Plaintiff is inadmissible.

Claims of excessive force by law enforcement officers arise under the Fourth Amendment and are analyzed under the Fourth Amendment's "objective reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 388 (1989).  "The question is whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting [the officer], without regard to [the officer's] underlying intent or motivation."  *Id.* at 397.

Plaintiff asserts that the jury should only consider the facts that Defendant was aware of at the time when the shooting occurred. (ECF No. 126 at 3 (citing *Graham*, 490 U.S. at 388.))  Plaintiff argues that evidence of Plaintiff's driving behavior prior to Defendant's initial contact with him is not relevant to the issue of whether Defendant's conduct was objectively reasonable, because Defendant was unaware of this behavior. (*Id*.)

Defendant responds that evidence of Plaintiff's driving behavior will inform the jury of the events prior to the shooting and enable the jury to evaluate Defendant's perception of the events once he made initial contact with Plaintiff.  (ECF No. 136 at 3.) Defendant contends that there is a dispute over whether Defendant actually faced

7

imminent risk of death or serious bodily injury (*i.e.* whether Plaintiff was accelerating his vehicle towards him when Defendant shot Plaintiff), and that evidence of Plaintiff's prior driving behavior will support Defendant's version of the events.  (*Id.* at 2.)  Defendant argues "where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events or another is relevant and admissible." (*Id.* at 3 (quoting *Cordova v. City of Albuquerque*, 816 F.3d 645, 659 (10th Cir. 2016)).)

The Court finds that any evidence of Plaintiff's driving of which the Defendant was unaware could not have informed his perception of risk when he arrived on the scene, nor could it have informed his belief that Plaintiff was accelerating his vehicle towards him.  Thus, evidence of which Defendant was unaware at the time of his conduct would be irrelevant to the jury's evaluation of the reasonableness of his conduct.  Unlike *Cordova*, the evidence Defendant claims will make his version of the events seem more likely is only remotely connected to the facts in dispute.  The Court also finds that admitting such evidence would be unfairly prejudicial to Plaintiff, and unduly cumulative, given that there is sufficient admissible evidence illustrating Plaintiff's prior driving through Deputy Klaus's observations relayed to Defendant.

Accordingly, the evidence of Plaintiff's driving of which Defendant was unaware before contact with Plaintiff is inadmissible, and Plaintiff's motion is granted as to this evidence.  Evidence of Plaintiff's driving of which the Defendant was aware before reaching Plaintiff is admissible, since it bears on the reasonableness of Defendant's actions, and Plaintiff's motion is denied to the extent it seeks to exclude such evidence.

For illustrative purposes only, admissible evidence may include the radio

transmission communications informing Defendant of Plaintiff's driving (*e.g.,* Deputy Klaus's radio report at mile marker 235 that Plaintiff was weaving badly in low speed traffic and was failing to yield to him, or Klaus's radio report at mile marker 232 that Plaintiff was traveling at a speed of up to 90 miles per hour, was approaching stopped traffic ahead, but was not slowing for such traffic).  (ECF No. 62-3 at 1.)

Inadmissible evidence would include, but not necessarily be limited to, video recordings showing Plaintiff reversing into traffic and colliding into a guardrail, or evidence of Plaintiff colliding into other vehicles, whether offered through motorist testimony or video footage, and recordings and transcripts of 911 calls, all of which is conduct that Defendant had no knowledge of prior to making initial contact with Plaintiff. (ECF Nos. 136 at 2-3, 126 at 2-3.)

**C.      Medicaid Payments**

Plaintiff requests that the Court enter an order barring Defendant from introducing any evidence "regarding amounts paid by Medicaid to [Plaintiff's] medical providers."  (ECF No. 126 at 7-8.)  Plaintiff argues that, under the collateral source rule, evidence of Plaintiff's receipt of collateral benefits should not be admissible at trial.  (*Id.*) Additionally, the parties disagree as to what evidence shows the reasonable value of Plaintiff's healthcare expenses that he could recover—the amount billed to Medicaid or the amount actually paid.  (ECF Nos. 126 at 7, 136 at 4.)

Both parties failed to discuss the controlling substantive law of damages.  Plaintiff cites cases where the court had diversity jurisdiction and applied state substantive law. (ECF No. 126 at 7-8 (citing *Prager v. Campbell County Memorial Hosp.*, 731 F.3d 1046 (10th Cir. 2013) and *Krauss v. Beach*, 2008 WL 4371939 (D. Colo. Sept. 23, 2008)

(noting as a preliminary matter that Colorado state law applied prior to addressing the collateral source rule)).)  Here, federal substantive law applies to Plaintiff's claims brought under 42 U.S.C. § 1983.  *Garrick v. City and County of Denver*, 652 F.2d 969, 971 (10th Cir. 1981) ("Federal standards govern the determination of damages under the federal civil rights statutes").  Defendant cites *Berg v. United States*, 806 F.2d 978, 981 (10th Cir. 1986), but there the underlying statute on which the claims were based directed the court to apply state damages law.  (ECF No. 136 at 4) (citing *Berg*, 806 at 981 n. 1) (noting "under the FTCA, liability is determined according to the law of the state in which the wrongful act occurred").

Absent a federal statute directing it to apply state law, this Court will look to federal law in addressing the issue of what damages Plaintiff may recover.  Other Circuit Courts of Appeal have found that the federal common law collateral source rule applies directly to § 1983 actions.  *Gill v. Maciejewski*, 546 F.3d 557, 564 (8th Cir. 2008); *accord Perry v. Larson*, 794 F.2d 279, 286 (7th Cir. 1986).  Further, in a prior ruling in which this Court faced a similar issue, the Court chose to follow federal common law but noted that it would "address Colorado state law because doing so helps elucidate the common law rule."  *Torres v. Kim*, 2012 WL 128728, at *1 (D. Colo. Jan. 17, 2012); *see also McDonald v. Hewitt*, 196 F.R.D. 650, 651 (D. Utah 2000) (in §1983 action, "state rules on damages are subject to consideration only if they fully serve the federal interest and become federal law" (citing *Sullivan v. Little Hunting Park*, 396 U.S. 229, 406 (1969); *Malloy v. Monahan*, 73 F.3d 1012 (10th Cir. 1996)).  This Court will do the same in resolving the instant motion.

"Derived from the common law, the collateral source rule posits that '[p]ayments

10

made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable.'" *Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 (10th Cir. 2009) (quoting Restatement (Second) of Torts § 920A(2) (1979)).  "The rule thus permits an injured plaintiff to recover more than the damages he has suffered as the result of an injury. . ." *Id*. at 1206.  "Public policy favors giving the plaintiff a double recovery rather than allowing a wrongdoer to enjoy reduced liability simply because the plaintiff received compensation from an independent source."  *Green v. Denver & Rio Grande W. R.R. Co.*, 59 F.3d 1029, 1032 (10th Cir. 1995).

Plaintiff argues that the collateral source at issue–Medicaid payments–fall within the general common law definition of collateral source evidence.  (ECF No. 126 at 7.) Defendant's response does not call into question this assertion.  (ECF No. 136 at 4.) The Court agrees with Plaintiff that the Medicaid payments made to his medical providers constitute collateral source evidence.  *See Smith v. Kinningham*, 328 P.3d 258 (Colo. App. 2013) (holding that evidence of Medicaid benefits falls squarely within the definition of a collateral source).

The Court also agrees with Plaintiff that evidence of the amount actually paid by Medicaid and accepted by his healthcare providers is not relevant to the jury's determination of the reasonable value of Plaintiff's healthcare expenses; rather, it is the amount billed that is most relevant to determining the value of the services rendered. Medicaid rates are commonly much lower than a provider's customary fee, thus the amount actually billed by Plaintiff's healthcare providers is the most suitable evidence pointing to the true value of the services rendered.  *See Krauss*, 2008 WL 4371939, at

*3.

Accordingly, this portion of Plaintiff's Motion is granted.  Evidence regarding amounts paid by Medicaid to Plaintiff's medical providers will be excluded at trial.  The Court directs counsel on both sides not to mention this issue in front of the jury, and also directs counsel to instruct their witnesses not to mention the issue at trial.

## II. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1.      Plaintiff's Motion *in Limine* (ECF No. 126) is GRANTED IN PART and DENIED IN PART as follows:

   a.      Evidence of Plaintiff's prior felony convictions, misdemeanor convictions, and charges not resulting in conviction will be inadmissible at trial;

   b.      Evidence of Plaintiff's driving of which the Defendant was unaware prior to his contact with Plaintiff will be inadmissible at trial;

   c.      Evidence of Plaintiff's driving of which the Defendant was aware prior to his contact with Plaintiff will be admissible at trial;

   d.      Evidence of Plaintiff's Medicaid payments will be inadmissible at trial.

Dated this 17th day of November, 2016.

BY THE COURT:

_____

William J. Martínez
United States District Judge

12