**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0128-WJM-NYW

CODY WILLIAM COX,

      Plaintiff,

v.

DON WILSON, in his individual capacity

      Defendant.

---

**ORDER ON DEFENDANT'S SUPPLEMENTAL RESPONSE TO MOTION *IN LIMINE***

---

This matter is before the Court on the Defendant's Supplemental Response to Motion *in Limine*, which the Court construes as a Motion for Reconsideration of the Court's Prior Order Granting in Part Plaintiff's Motion *in Limine*. (ECF No. 156.)[1] Defendant's Motion seeks reconsideration of the Court's Order with respect to evidence of Plaintiff's prior interactions with law enforcement. (ECF No. 156 at 1; ECF No. 147 at 6.) Plaintiff filed a reply on November 28, 2016. (ECF No. 157.) Trial of this action is set to commence on December 6, 2016. (ECF No. 120.) For the reasons set forth below, Defendant's construed Motion for Reconsideration is denied.

---

[1] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

At the November 18, 2016 Final Trial Preparation Conference (TPC), Defendant requested an opportunity to present additional evidence regarding Plaintiff's "prior interactions with law enforcement" that was previously alluded to in his response brief to Plaintiff's Motion *in Limine* and ruled on in the Court's prior Order. (ECF No. 147 at 5–6.) For this reason, the Court is construing Defendant's supplemental response as one for reconsideration.

## I.  ANALYSIS

Defendant "requests an order permitting evidence of [Plaintiff's] history of fighting law enforcement and resisting arrest as evidence of intent and lack of accident under Rule 404(b)(2)."  (ECF No. 156 at 1.)  To establish a proper purpose, Defendant points to evidence of: (1) Plaintiff's prior charges and convictions for resisting arrest (CBI report), (2) statements made by law enforcement regarding Plaintiff's prior attempts to resist arrest (through police reports), and (3) statements purportedly capturing Plaintiff's attitude or proclivity towards law enforcement (through police reports, hospital records, and Plaintiff's therapist's deposition testimony).  (ECF Nos. 156-2, 156-3, 156-4, 156-5, 156-6, 157-1.)  Defendant seeks a ruling that this evidence is admissible.  (ECF No. 156 at 5–6.)  Plaintiff responds that the "defense's 'other acts' evidence is not relevant for any proper purpose under Rule 404(b)(2)."  (ECF No. 157 at 4.)

Pursuant to Federal Rule of Evidence 404(b)(1), the admission of evidence of a crime or "bad act" to prove a person's character "in order to show that on a particular occasion the person acted in accordance with the character" is precluded from the jury's purview.  Fed. R. Evid. 404(b).  Such evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Evidence is relevant if "it has a tendency to make a fact more or less probable [and] the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Furthermore, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ."  Fed. R. Evid. 403.  *See United States v. Serrata*, 425 F.3d 886, 903 (10th Cir. 2005)  (noting that the Tenth Circuit has "adopted a four-

part test for determining the admissibility of evidence under Rule 404(b)" including: (1 & 2) "'evidence must be offered for, and relevant to, a proper purpose,'" (3) "the trial court must make a Rule 403 determination," and (4) "the trial court 'must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted'").

## A.      Proper Purpose and Relevance

Defendant argues his evidence is offered to prove intent and lack of accident, both of which are proper uses for Rule 404(b) evidence under the language of the Rule. (ECF No. 156 at 1.);  Fed. R. Evid. 404(b)(2).  As for intent, Defendant contends that Plaintiff's "history of resisting arrest with physical force is probative of his intent to physically resist arrest in this case, consistent with [Defendant's] perception that [Plaintiff] drove toward [Defendant] in an attempt to continue fleeing."  (ECF No. 156 at 2–3.)  As for lack of accident, Defendant contends that "these events are evidence that his multiple failures to comply with emergency lights, siren, PA system and voice commands were not accidental, but rather intentional refusal in furtherance of his plan to avoid law enforcement contact[.]"  (*Id*. at 4–5.)

Plaintiff responds that "plaintiff's subjective intent at the time of the shooting is irrelevant."  (ECF No. 157 at 4.)  Specifically arguing that the material issue here is "whether or not the Defendant had reasonable grounds to believe that the Plaintiff posed an imminent threat at the time he shot the Plaintiff, based upon facts and circumstances of which he was aware."  (*Id*. at 2.)  In response to the lack of accident argument, Plaintiff asserts that he "will not make any claim or offer any evidence at trial either that he was unaware that he was being pursued by law enforcement, or that his

3

failure to comply with commands at the scene was due to a belief that the Defendant was not a law enforcement officer." (*Id*. at 5.)

As the Court previously stated, claims of excessive force by law enforcement officers arise under the Fourth Amendment and are analyzed under the Fourth Amendment's "objective reasonableness" standard. (ECF No. 147 at 7 (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)).) "The question is whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting [the officer], without regard to [the officer's] underlying intent or motivation." (*Id*. (citing *Graham*, 490 U.S. at 397).)

While the Defendant has identified evidence of specific "bad acts" and has cited two proper purposes under Rule 404(b)(2), the Court finds that whether Plaintiff has a history of fighting law enforcement and resisting arrest has no real bearing on whether the Defendant's use-of-force on January 31, 2014 was objectively reasonable—the material issue in this case. *Id*. Defendant was unaware of Plaintiff's prior history of resisting arrest and therefore it could not have informed his perception of risk when he arrived on the scene, nor could it have informed his belief that Plaintiff was accelerating his vehicle towards him and attempting to evade arrest. Moreover, as the Court previously stated "evidence of which Defendant was unaware at the time of his conduct would be irrelevant to the jury's evaluation of the reasonableness of his conduct." (ECF No. 147 at 8.) Thus, irrespective of whether the proffered evidence establishes Plaintiff's intent to resist arrest or lack of accident at the time of the incident, the Court finds it irrelevant and therefore inadmissible. Fed. R. Evid. 401.

**B.    Prejudice and Confusion of Issues**

4

Rule 403 applies "with all its vigor" to Rule 404(b) evidence.  *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998).  A trial court is given broad discretion to determine whether prejudice inherent in otherwise relevant evidence outweighs its probative value, and will be reversed only upon a showing of clear abuse of that discretion.  *See United States v. Esch*, 832 F.2d 531, 535 (10th Cir. 1987); *see also Wolfgang v. Mid-America Motorsports, Inc.*, 111 F.3d 1515, 1526 (10th Cir. 1997).

Plaintiff argues that the "bad acts" evidence is inadmissible because such evidence would be unfairly prejudicial and "would necessarily confuse the issue of the objective reasonableness of the Defendant's conduct with the Plaintiff's disposition or state of mind at the time of the shooting."  (ECF No. 157 at 5.)  The Court agrees with Plaintiff that the proffered evidence would likely mislead the jury by confusing the objective reasonableness issue in the case.  Similarly, the Court finds that admission of the proffered evidence would be inherently and significantly prejudicial to the Plaintiff. This is, in the Courts view, exactly the reason "bad acts" evidence is generally excluded under Rule 404.

The Court finds that the danger of unfair prejudice and the potential for confusion of the issues substantially outweighs the probative value, if any, of the proffered evidence.  Fed. R. Evid. 403.  The Court concludes that Defendant seeks to admit this evidence to show that "on a particular occasion," Plaintiff "acted in accordance with" his conduct on prior occasions.  Fed. R. Evid. 404(b).  Thus, the evidence is inadmissible under both Rules 403 and 404(b).

## II.  CONCLUSION

For the reasons stated above, the Defendant's construed Motion for

Reconsideration (ECF No. 156) is DENIED.

Dated this 1st day of December, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge

6